# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARIA GEORGE,

        Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
SF-0845-15-0302-I-1

DATE: July 23, 2015

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Maria George</u>, Redmond, Oregon, pro se.

<u>Roxann Johnson</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## REMAND ORDER

¶1       The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the administrative judge's finding that the Board lacks jurisdiction over the appeal, and REMAND the case

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

to the Western Regional Office for further adjudication in accordance with this Order.

## BACKGROUND

¶2 The appellant, on behalf of her deceased husband, filed a Board appeal challenging the Office of Personnel Management's (OPM's) reconsideration decision that determined that he had received an overpayment of benefits under the Federal Employees' Retirement System (FERS) and that he was not eligible for a waiver. *Estate of Gary O. George v. Office of Personnel Management*, MSPB Docket No. SF-0845-14-0648-I-1, Initial Decision (Aug. 6, 2014). The administrative judge dismissed that appeal for lack of jurisdiction because OPM indicated that it had rescinded its reconsideration decision. *Id.* The appellant did not object to the administrative judge's decision. *See id.*

¶3 On December 29, 2014, OPM issued correspondence to the appellant, seeking her assistance in resolving the overpayment matter and proposing to collect the overpayment from her survivor annuity. *George v. Office of Personnel Management*, MSPB Docket No. SF-0845-15-0302-I-1, Initial Appeal File (IAF), Tab 1, Exhibit 2. OPM also indicated in this correspondence that she could request reconsideration or waiver of the overpayment. *Id.* The appellant filed a Board appeal, challenging the calculation of her survivor annuity and OPM's proposal to recoup the overpayment. *See* IAF, Tab 1. OPM requested dismissal of the appeal because it was unable to find a final decision, and it stated that it would issue a final decision once the appeal was dismissed. *See* IAF, Tab 7.

¶4 The administrative judge dismissed the appeal for lack of jurisdiction, finding that: (1) OPM had not issued a final decision on the issues raised by the appellant and it intended to issue a final decision; and (2) there was no evidence that OPM has collected any of the overpayment from the appellant's survivor annuity before making that final decision. IAF, Tab 8, Initial Decision (ID). The

appellant has filed a petition for review, and OPM has filed a response. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 On review, the appellant asserts that she has new evidence, in the form of an undated Notice of Annuity Adjustment that she received on March 30, 2015, indicating that, commencing April 1, 2015, $170.27 would be withheld each month from her survivor annuity. *See* PFR File, Tab 1, Exhibit A. OPM explained in this Notice that it would start withholding this amount "because [OPM] paid [the appellant] too much annu[ity.]" *Id.* OPM's response to the appellant's petition for review does not mention or otherwise refer to the Notice of Annuity Adjustment or its apparent attempt to recoup the overpayment. *See* PFR File, Tab 3.

¶6 The Board generally lacks jurisdiction to hear an appeal of a retirement matter when OPM has not issued a final decision on the matter and, accordingly, will dismiss the appeal. *See Ramirez v. Office of Personnel Management*, 114 M.S.P.R. 511, ¶ 7 (2010). The Board has recognized an exception to that general rule, however, when OPM has failed to render a decision. *Id.* Dismissal in such a case could effectively prevent an appellant from obtaining an adjudication of his claim. *Id.*

¶7 In *Ramirez*, the appellant filed an appeal challenging OPM's initial decision that recomputed his monthly annuity under the Civil Service Retirement System (CSRS) and stated its intent to collect the overpayment. *See id.*, ¶ 3. The administrative judge dismissed the appeal for lack of jurisdiction because OPM's decision was not final, and OPM indicated that it would issue such a decision. *See id.*, ¶ 5. Mr. Ramirez filed a petition for review, reiterating his assertion that OPM was "garnishing" his benefits for the alleged overpayment, and providing a Notice of Annuity Adjustment, which showed that OPM continued to deduct from his monthly annuity checks to recoup the contested overpayment. *Id.*, ¶ 8.

¶8	The Board noted that OPM's response to Mr. Ramirez's petition for review was a pro forma statement, it did not indicate therein that it had fulfilled, or intended to fulfill, its representation to the administrative judge that it would issue a reconsideration decision, and it did not respond to the appellant's assertion that it effectively ignored his reconsideration request by proceeding to collect the alleged overpayment in violation of its own procedures. *Id.*, ¶¶ 8-9. Because OPM failed to issue a reconsideration decision despite the appellant's repeated requests and had commenced its collection of the alleged overpayment, the Board held that OPM's initial decision was tantamount to an appealable reconsideration decision that affected the appellant's rights or interests under the CSRS. *Id.*, ¶ 10. The Board thus found that it had jurisdiction over the appeal, it reversed the administrative judge's finding to the contrary, and it remanded the appeal for adjudication on the merits. *See id.*, ¶¶ 7, 10-11.

¶9	The facts of this matter are similar to those in *Ramirez*, and a similar outcome is warranted.[2] Here, the administrative judge dismissed the appeal for lack of jurisdiction because OPM had not issued a final decision on the issues raised by the appellant and stated that it intended to do so. However, the appellant provided new evidence on review that OPM was proceeding to collect the alleged overpayment. OPM's response to the appellant's petition for review, like its response in *Ramirez*, was a pro forma statement, and it fails to acknowledge the Notice of Annuity Adjustment or its earlier representations to the administrative judge that it would issue a final decision. Because the circumstances of this matter are similar to *Ramirez*, we conclude that OPM's correspondence, received by the appellant on March 30, 2015, is tantamount to an appealable reconsideration decision that affects her rights or interests under

---

[2] Although *Ramirez* involves CSRS and not FERS, a different outcome is not warranted because the relevant statutory provisions governing the Board's jurisdiction in retirement matters under either system are nearly identical. *Compare* 5 U.S.C. § 8347(d)(1), *with* 5 U.S.C. § 8461(e)(1).

FERS. *See* [5 U.S.C. § 8461](e)(1); *see also Ramirez*, [114 M.S.P.R. 511], ¶ 10. Accordingly, we find that the Board has jurisdiction over the appeal, and we reverse the administrative judge's finding to the contrary in the initial decision. *See Ramirez*, [114 M.S.P.R. 511], ¶¶ 10-11.

**ORDER**

We REVERSE the administrative judge's finding that the Board lacks jurisdiction over the appeal, and we REMAND this case to the Western Regional Office for an adjudication on the merits.

FOR THE BOARD:      _____
William D. Spencer
Clerk of the Board

Washington, D.C.